UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN DAVID LEE                                                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:11-CV-00668

STEPHEN M. GEORGE,
In His Individual Capacity Only                                                          DEFENDANT

**OPINION AND ORDER**

This matter is before the court on three motions: 1) a motion by the defendant, Judge Stephen George, to dismiss the complaint (DN 4); 2) a motion by the plaintiff, John David Lee, to consolidate this case with another case Lee filed against Judge George (DN 7); and 3) a motion by Lee to disqualify the Kentucky Attorney General's Office from representing Judge George in this action (DN 10). For the following reasons, Judge George's motion to dismiss will be granted.

Judge George is a judge of the Jefferson County, Kentucky, Circuit Court, where he has been presiding over Lee's divorce and child custody proceedings. On October 31, 2011, Lee filed a complaint in this court against Judge George in his official capacity, claiming that various orders issued by Judge George during the pendency of Lee's divorce and child custody proceedings were unconstitutional or otherwise unlawful (Docket Number 3:11-CV-00607). On December 5, 2011, Lee filed the complaint in this action, suing Judge George in his individual capacity. In that complaint, Lee largely brought the same claims as he had in the complaint he filed against Judge George in his official capacity. Specifically, Lee claimed that Judge George had violated Lee's rights under the 1st, 4th, 8th, 9th, 10th, and 14th Amendments of the

Constitution, "as well as other fundamental unenumerated rights and substantive due process." As relief, Lee seeks an injunction directing Judge George not to violate Lee's rights, disqualifying Judge George from further involvement in any case involving Lee, and rendering the previous orders entered by Judge George void or invalid.

Judge George moved to dismiss Lee's complaint in this case on the following bases: 1) this court lacks subject matter jurisdiction over Lee's claims under the *Rooker-Feldman* doctrine; 2) Judge George has absolute judicial immunity from Lee's claims; and 3) Lee failed to state a claim upon which relief may be granted. Meanwhile, Lee has moved to consolidate this case with the case he filed against Judge George in his official capacity. Finally, Lee has moved to disqualify the Kentucky Attorney General from representing Judge George in his individual capacity.

Judge George's motion to dismiss Lee's complaint will be granted. While Judge George is correct that he is entitled to absolute judicial immunity for suits against him in his individual capacity for monetary damages, *see, e.g.*, *Stump v. Sparkman*, 435 U.S. 349 (1978), Lee is not seeking monetary damages in this action. Rather, as noted above, Lee seeks injunctive relief against Judge George. However, a plaintiff cannot "sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, *i.e.*, his official capacity." *Cmty. Mental Health Servs. of Belmont v. Mental Health & Recovery Bd. Serving Belmont, Harrison, & Monroe Counties*, 150 F. App'x 389, 401 (6th Cir. 2005); *see Milligan v. United States*, 2008 WL 1994823, at *15 (M.D.Tenn. May 2, 2008) (holding that federal officials must be sued in their official, not individual, capacities in order for the plaintiff to obtain injunctive or declaratory relief); *Constantino v. Michigan Dep't of State Police*, 707 F.

Supp. 2d 724, 731-732 (W.D.Mich. Apr. 16, 2010) (claim for injunctive relief against state official in his individual capacity dismissed because that relief can only be obtained in a suit against the defendant in his official capacity).

The allegations Lee makes against Judge George pertain solely to actions Judge George took in his judicial capacity, and the injunction Lee seeks relates only to Judge George's job as a judge. Since the relief sought by Lee can not be obtained from Judge George in his individual capacity, Lee's complaint in this case will be dismissed. Lee's motions to consolidate his two federal cases against Judge George and to disqualify counsel for Judge George are therefore moot.

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Defendant's motion to dismiss is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

This is a final order.

May 18, 2012

Charles R. Simpson III, Judge
United States District Court